**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**CRYSTAL LITTLE, SHERII MIERA,**
**VANESSA JARAMILLO, JACOB**
**CHRISTISON, STEPHEN CHAVEZ,**
**SAMANTHA COOKE, ISRAEL SISNEROS,**
**NEVADA CAVALLO-SANCHEZ, COLIN**
**KELLY, FELISHA CHAVEZ, and**
**HEATHER CARNES, on behalf of themselves**
**and all other employees similarly situated,**

                    Plaintiffs,

v.     No. 25-CV-737

**CITY OF ALBUQUERQUE,**

                    Defendant.

**COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS**
**OF THE FAIR LABOR STANDARDS ACT**

      COME NOW Plaintiffs Crystal Little, Sherii Miera, Vanessa Jaramillo, Jacob Christison, Stephen Chavez, Samantha Cooke, Israel Sisneros, Nevada Cavallo-Sanchez, Colin Kelly, Felisha Chavez, and Heather Carnes, on behalf of themselves and all other employees similarly situated, by and through their counsel of record, Youtz & Valdez, P.C. (Shane Youtz, Stephen Curtice, James Montalbano, Grace Rhodehouse Barberena), and for their Complaint against the City of Albuquerque, submits as follows:

**INTRODUCTION**

1. Defendant, City of Albuquerque ("City" or "Defendant") oversees the operation of the Albuquerque Community Safety Department. At all times relevant, Defendant City was responsible for adopting and implementing the policies, customs, and practices of its employees and agents, and overseeing their conduct. Although Defendant City of

Albuquerque is a political subdivision of the State of New Mexico, it is not an "arm of the state" for Eleventh Amendment immunity purposes. *Daddow v. Carlsbad Mun. Sch. Dist.*, 1995-NMSC-032, 120 N.M. 97; *Duke v. Grady Mun. Schools*, 127 F.3d 972 (10th Cir. 1997).

2. Pursuant to a uniform policy and/or practice, Defendant pays employees, including Plaintiffs and all members of the putative class, on a bi-monthly schedule.

3. Pursuant to a uniform policy and/or practice, each pay period Defendant paid employees the same fixed amount, and it does not include any overtime pay for the overtime hours worked in a given week.

4. Pursuant to a uniform policy and/or practice, Defendant allowed some Plaintiffs to suffer or permit to work during extended break periods.

5. Pursuant to a uniform policy and/or practice, Defendant allowed some Plaintiffs to suffer or permit to work during hours that extended beyond 40 in a given week.

6. Defendant would at times compensate Plaintiffs and those similarly situated to use "flex time" in a given week, in which employees would be compensated for overtime hours with compensatory time at standard straight-time pay.

7. Plaintiffs and the punitive class are entitled to be paid time and one-half for every hour worked over 40 hours in one work week.

8. For these reasons, Plaintiffs seek, on behalf of themselves and those similarly situated individuals, their unpaid overtime, liquidated damages, attorney's fees, and all other relief permitted.

## PARTIES, JURISDICTION, & VENUE

9. Plaintiffs are adult residents of New Mexico and have worked as full-time employees with City of Albuquerque in the Albuquerque Community Safety department in the past three years.

10. Named Plaintiffs will serve as adequate, typical, and active participants and class representatives for similarly situated employees of Defendant in New Mexico who have not properly received their overtime pay.

11. Venue is appropriate in this Court.

12. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this cause of action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

## FACTUAL ALLEGATIONS

13. Plaintiffs work (or worked) for Defendant in various positions serving the community as part of the team at Albuquerque Community Safety as directed by Defendant City of Albuquerque.

14. Plaintiffs are or were hourly, non-exempt employees under the FLSA. However, until recently, Plaintiffs were improperly categorized as salaried exempt employees under the FLSA, going back to 2021.

15. None of the Plaintiffs qualify as professional employees under the FLSA, nor do they qualify for any other exemption under the FLSA.

16. The following Plaintiffs worked as Behavioral Health Responders for Albuquerque Community Safety department:
    a. Crystal Little from approximately December 2021 to June 2025.
    b. Sherii Miera from approximately October 2021 to present.

  c. Vanessa Jaramillo from approximately December 2022 to present.

  d. Jacob Christison from approximately June 2022 to present.

  e. Stephen Chavez from approximately 2022 to July 2024.

  f. Samantha Cooke from approximately November 2023 to present.

  g. Israel Sisneros from approximately December 2022 to October 2023.

  h. Nevada Cavallo-Sanchez from approximately December 2022 to present.

  i. Colin Kelly from approximately December 2021 to October 2023.

  j. Felisha Chavez from approximately February 2022 to March 2024.

  k. Heather Carnes from approximately July 2023 to present.

17. Pursuant to a uniform policy and/or practice, Plaintiffs were paid a set rate for each paycheck during the year.

18. Pursuant to a uniform policy and/or practice, Plaintiffs regularly worked overtime beyond 40 hours in a given work week and/or were either required to take compensatory time at the straight-time rate instead of time and a half or were not compensated fully for the hours beyond 40 in a given work week.

19. Defendant failed to pay Plaintiffs overtime at the time-and-a-half rate during the weeks they worked more than 40 hours.

20. Pursuant to a uniform policy and/or practice, Defendant allowed some Plaintiffs to suffer or permit to work during extended break periods.

21. Defendant failed to fully compensate Plaintiffs for hours worked during extended break periods.

22. Pursuant to a uniform policy and/or practice, Defendant failed to fully compensate Plaintiffs for working paid holidays.

23. Defendant failed to fully compensate Plaintiffs for hours worked during paid holidays.

24. At times, Plaintiffs were discouraged or prevented from utilizing their compensatory, or "flex," time that they had earned at the straight-time rate.

25. As such, Defendant willfully, intentionally, and repeatedly failed to pay Plaintiffs and other similarly situated individuals time and one half for hours worked in excess of 40 hours in a workweek.

## COLLECTIVE ALLEGATIONS

26. Plaintiffs bring this action as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all similarly situated employees currently or formerly employed by Defendant.

27. The proposed class consists of current and former employees who are similarly affected by the facts detailed above. In addition, the questions to be determined are ones of common and general interest to the many persons constituting the class to which Plaintiffs belong.

28. Common issues of law and fact exist and will predominate over purely individual questions in this litigation.

29. Defendant's practices are uniform with regard to employees. The employment practices are uniform, and issues of fact and law can be resolved in collective fashion.

### Count I – Violation of the FLSA (29 U.S.C. § 201, *et seq*.)

30. Plaintiffs incorporate herein the previous allegations of this Complaint.

31. In any workweek in which Plaintiffs worked at least 40 hours, Defendant's failure to pay Plaintiffs at one-and-one-half times their regular rate of pay, for hours in excess of 40, violated the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, 215, 216.

32. In any workweek in which Defendant allowed Plaintiffs suffer or permit to work during non-working hours, Defendant's failure to pay their regular rate of pay, violated the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, 215, 216.

33. As a result of such violations, Plaintiffs and those similarly situated, are entitled to the damages, fees, and expenses as set out in the Fair Labor Standards Act, 29 U.S.C. § 216.

34. Defendant's failure to pay wages due was willful.

35. As a direct and proximate result of Defendant's failure to pay wages, its hourly employees, including Plaintiffs, have suffered damages in the form of lost wages and lost use of such wages.

36. All hourly, and improperly categorized as salaried, City of Albuquerque employees working in Albuquerque Community Safety are similarly situated such that this case should be certified for a collective action under 29 U.S.C. § 21(b).

## JURY DEMAND

37. This case should be heard before a jury.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs pray that:

  a. The Court determine that this action may be maintained as a collective action pursuant to 29 U.S.C. § 216(b);

  b. This case be tried before a jury;

  c. Plaintiffs be awarded compensatory damages;

  d. Plaintiffs be awarded liquidated damages as permitted by law;

  e. The court award Plaintiffs and the class they represent pre-judgment and post-judgment interest as permitted by law;

  f. The court award Plaintiffs and the class members costs and attorneys' fees allowed under applicable law, as may be necessary and appropriate; and

g.      Any and other relief the Court deems necessary and appropriate.

Respectfully submitted,

**YOUTZ AND VALDEZ, P.C.**

     */s/ James Montalbano*
Shane C. Youtz
shane@youtzvaldez.com
Stephen Curtice
stephen@youtzvaldez.com
James A. Montalbano
james@youtzvaldez.com
Grace Rhodehouse Barberena
grace@youtzvaldez.com
900 Gold Ave. SW
Albuquerque, NM 87102
(505) 244-1200 – Telephone

*Counsel for Plaintiffs and All Other Employees Similarly Situated*